IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-cv-01366-GEB-CMK |
| | ) | |
| | ) | <u>ORDER</u> |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARIA TERESA AVALOS, | ) | |
| | ) | |
| Defendant. | ) | |

On September 11, 2007, Defendant gave the Clerk of the Court a motion in which she seeks an order allowing her to file her Answer under seal. The motion is clearly overbroad and indicates Defendant's counsel lack understanding of Ninth Circuit sealing jurisprudence.

I do not condone limiting public access to judicial records. Such public access "promotes informed discussion of governmental affairs by providing the public with [a] more complete understanding of the judicial system" and promotes the "public perception of fairness which can be achieved only by

1

permitting full public view of the proceedings." <u>Bank of America Nat. Trust v. Hotel Rittenhouse</u>, 800 F.2d 339, 345 (3rd Cir. 1986).

The Ninth Circuit, in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (2006), recently gave a thorough overview of the right of access to judicial records and the standard a party must meet to seal such records. The court noted that "'there is a strong presumption in favor of access'" to court records and "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (2003)).

Defendant asserts in her motion that good cause exists to file her Answer under seal. However, the compelling reasons standard is higher than the good cause showing required under Rule 26(c) to seal documents produced in discovery. "Unlike private materials unearthed during discovery, judicial records are public documents almost by default" and therefore, "[a] 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* (quoting *Nixon v. Warner Commc'ns.,* 435 U.S. 589, 597 (1978); *Foltz,* 331 F.3d at 1135-36).

If Defendant opines that some portion of her Answer should be sealed, she should seek an order authorizing redaction for that portion and, if granted, file a redacted Answer on the public docket and only an unredacted Answer under seal. <u>See</u> E.D. Cal. R. 39-140(b)(discussing court authorized redactions and filing of redacted and sealed unredacted documents).

The Clerk of the Court is directed to return the sealed

manilla envelopes to Defendant's counsel.  See <u>United States v. Baez-Alcaino</u>, 718 F. Supp. 1503, 1506 (M.D. Fla. 1989) (explaining that when a judge decides *in camera* that a document is not appropriate for sealing, the document should be returned to the submitting party, who may then file it in the public records if desired).

   IT IS SO ORDERED.

Dated: September 12, 2007

               GARLAND E. BURRELL, JR.
               United States District Judge