IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 2:07-cv-01366-GEB-CMK |
| | ) | |
| Plaintiff, | ) | <u>ORDER</u> |
| | ) | |
| v. | ) | |
| | ) | |
| MARIA TERESA AVALOS, | ) | |
| | ) | |
| Defendant. | ) | |

On September 17, 2007, Defendant gave the Clerk of the Court an ex parte motion for in camera review in which she seeks to file a redacted Answer on the public docket and an unredacted Answer under seal.[1]

A party filing motions to seal or redact "should carefully consider not only whether a document or a portion thereof warrants sealing, but whether what [it] deems to be confidential is relevant" to an issue in the case. <u>Young v.</u>

---

[1] These items have not been filed but were submitted for in camera review pursuant to Local Rule 39-140(b).

1

1  Actions Semiconductor Co., 2007 WL 2177028, at *5 (S.D. Cal. July
2  27, 2007).  When relevancy is not obvious in light of the
3  apparent issues in a case, the sealing decision should not be
4  made until it is clear that the requested sealed matter is
5  relevant.  This relevancy determination is important because the
6  Court should not condone what are "essentially secret judicial
7  proceedings" on a matter that has no relevancy or sufficient
8  probative value on an issue in suit.  Bank of Am. Nat'l Trust &
9  Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 345 (3d
10 Cir. 1986).

11           Since at this time it is unclear whether the matter
12 Defendant seeks to redact is relevant to the case, and since
13 Defendant has not shown the need for the Court to make this
14 relevancy determination in an ex parte proceeding, Defendant's *ex
15 parte* motion to file an unredacted Answer under seal is denied.
16 The Clerk of the Court shall return the unredacted Answer and
17 Defendant's ex parte Motion (including the attached Memorandum of
18 Law and Declaration of Avantika Shastri) to Defendant's counsel.
19 United States v. Baez-Alcaino, 718 F. Supp. 1503, 1506 (M.D. Fla.
20 1989) (explaining that when a judge decides *in camera* that a
21 document is not appropriate for sealing, the document should be
22 returned to the submitting party, who may then file it on the
23 public docket if desired); see CBS, Inc. v. U.S. Dist. Ct. for
24 the Cent. Dist. of Cal., 765 F.2d 823, 825-26 (9th Cir. 1985)
25 (returning to party unnecessary and improvidently filed
26 document).

27           Defendant's ex parte request to file a redacted answer
28 nunc pro tunc as of the date of September 11, 2007 is granted.

1  Defendant shall file the redacted Answer on the docket no later
2  than noon on Monday, September 24, 2007.
3
4           IT IS SO ORDERED.
5  Dated:  September 19, 2007
6
7  _____
   GARLAND E. BURRELL, JR.
8  United States District Judge