IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:07-CV-1366-GEB-CMK |
| Plaintiff, ) | |
| ) | |
| v. ) | STATUS (PRETRIAL |
| ) | SCHEDULING) ORDER |
| MARIA TERESA AVALOS, ) | |
| ) | |
| Defendant. ) | |

The status (pretrial scheduling) conference scheduled for October 1, 2007, is vacated since the parties' Joint Status Report ("JSR") indicates that the following Order should issue.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### DISCOVERY

All discovery shall be completed by December 17, 2007. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has

1

---

been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

No expert witnesses will be allowed since the parties indicated in their JSR that they do not intend to call any expert witnesses, no disclosure date is provided, therefore no expert witnesses will be allowed.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be February 25, 2008, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1                (1)  The Court is presented with newly discovered evidence
2   that could not reasonably have been discovered prior to the filing of
3   the party's motion or opposition papers;
4                (2)  The Court committed clear error or the initial decision
5   was manifestly unjust; or
6                (3)  There is an intervening change in controlling law.
7   A motion for reconsideration based on newly discovered evidence shall
8   set forth, in detail, the reason why said evidence could not
9   reasonably have been discovered prior to the filing of the party's
10  motion or opposition papers.  Motions for reconsideration shall comply
11  with Local Rule 78-230(k) in all other respects.
12           The parties are cautioned that an untimely motion
13  characterized as a motion in limine may be summarily denied.  A motion
14  in limine addresses the admissibility of evidence.

                          FINAL PRETRIAL CONFERENCE

16           The final pretrial conference is set for April 28, 2008, at
17  2:30 p.m.  The parties are cautioned that the lead attorney who WILL
18  TRY THE CASE for each party shall attend the final pretrial
19  conference.  In addition, all persons representing themselves and
20  appearing in propria persona must attend the pretrial conference.
21           The parties are warned that non-trialworthy issues could be
22  eliminated *sua sponte* "[i]f the pretrial conference discloses that no
23  material facts are in dispute and that the undisputed facts entitle
24  one of the parties to judgment as a matter of law."  Portsmouth Square
25  v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

1   The parties shall file a <u>JOINT</u> pretrial statement no later
2   than seven (7) calendar days prior to the final pretrial conference.[3]
3   The joint pretrial statement shall specify the issues for trial and
4   shall estimate the length of the trial.  The Court uses the parties'
5   joint pretrial statement to prepare its final pretrial order and could
6   issue the final pretrial order without holding the scheduled final
7   pretrial conference.  <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th
8   Cir. 1999) ("There is no requirement that the court hold a pretrial
9   conference.").  The final pretrial order supersedes the pleadings and
10  controls the facts and issues which may be presented at trial.  Issues
11  asserted in pleadings which are not preserved for trial in the final
12  pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health</u>
13  <u>Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
14  not preserved in the pretrial order are eliminated from the action.");
15  <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992)
16  (indicating that an issue omitted from the pretrial order is waived,
17  even if it appeared in the pleading); <u>cf.</u> <u>Raney v. Dist. of Columbia</u>,
18  892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
19  to allow assertion of a previously-pled statute of limitations
20  defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D.
21  La. 1984) (indicating that "[a]ny factual contention, legal
22  contention, any claim for relief or defense in whole or in part, or
23  affirmative matter not set forth in [the pretrial statement] shall be

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

<u>TRIAL SETTING</u>

Trial is set for July 29, 2008, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.

IT IS SO ORDERED.

Dated: September 28, 2007

GARLAND E. BURRELL, JR.
UNITED STATES DISTRICT JUDGE